**UNITED STATES DISTRICT COURT**
DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.

DARRYL ALLEN

**09-2158 BPG**

**CRIMINAL COMPLAINT**
CASE NUMBER:

I, Mark A. Lester, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about <u>June 8, 2009,</u> in the District of Maryland, defendant did, (Track Statutory Language Offense)

Knowingly and intentionally combine, conspire, confederate and agree with one or more other persons to import into the United States of America, from a place outside thereof, to wit Bangladesh and elsewhere, one hundred grams or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance,

in violation of Title _21_ United States Code, Section(s) 952(a), 960 (a) and 963.

I further state that I am a <u>Special Agent of the U.S. Drug Enforcement Administration</u>, and that this complaint is based on the following facts:             Official Title

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof:  ☒ Yes  ☐ No

___Special Agent Mark A. Lester
Signature of Complainant

Sworn to before me and subscribed in my presence,

June 9, 2009          at          Baltimore, Maryland
Date

Beth P. Gesner
United States Magistrate Judge

/Signature of Judicial Officer

**09-2158 BPG**

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Mark Lester, a Special Agent with the Drug Enforcement Administration ("DEA"), United States Department of Justice, being first duly sworn, hereby depose and state that:

### INTRODUCTION AND AFFIANT'S BACKGROUND

1. I submit this affidavit in support of a criminal complaint charging Eric Hill and Darryl Allen with conspiracy to import more than 100 grams of heroin into the United States in violation of 21 U.S.C. Sections 952 and 963. I am the Affiant herein and am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered to conduct investigations of or to make arrests for offenses enumerated in Title 18, United Stated Code, Section 2516.

2. I currently am assigned to Group 53 in the Baltimore District Office. I have been employed by DEA since August 2008. During the course of my employment with DEA, I have received specialized training in the area of narcotics investigations from the DEA/FBI Academy in Quantico, Virginia. This academy consists of 19 weeks of comprehensive classroom and practical training from the DEA in specialized narcotic investigative matters including, but not limited to, drug interdiction, drug detection, money laundering techniques, locating hidden assets

09-2158 BPG

derived from narcotics trafficking, and the investigation of individuals involved in the smuggling, cultivation, manufacturing, and illicit trafficking of controlled substances.

3. Prior to my employment with the DEA, I was employed as a Police Officer in the State of Georgia with the Gwinnett County Police Department for approximately eight (8) years. During that time, I was assigned as a Narcotics Investigator for approximately three (3) years, and Highway Interdiction for approximately seven (7) months. In addition, I received training and attended schools related to narcotics/drug investigations, ranging from the Basic Law Enforcement Training Course, Asset Forfeiture, Criminal Investigations, Stash House and Hotel/Motel Interdiction, Specialized Patrol Techniques, Terrorism Training, Drug Investigations for Patrol Officers, Interviews and Interrogations, Drug Identification School, Drugs that Impair Driving, Physical Surveillance, Undercover Investigations, Beyond the Traffic Stop, Highway Interdiction, and Commercial Vehicle Interdiction. I was certified as an instructor through the Georgia Peace Officer Standards and Training Council and instructed Basic Narcotic Investigations and Physical Surveillance courses at the Gwinnett County Police Department Training Center. I also worked with Federal, State, and Local Law Enforcement Agencies in numerous narcotics investigations.

09-2158 BPG

## SOURCE OF INFORMATION CONTAINED HEREIN

4.      The information contained in this Affidavit is based on my own personal knowledge of this case, as well as information relayed to me by other law enforcement authorities and sources of information, including members of the United States Customs and Border Protection Officers (CBP) and the Immigration and Customs Enforcement Agents (ICE). The facts related in this Affidavit do not reflect the totality of information known to your Affiant or other officers, merely the amount needed to establish the probable cause.

## FACTUAL SUMMARY – PROBABLE CAUSE BASIS

5.      On June 2, 2009, United States Customs and Border Protection (CBP) Officers conducted an inbound customs examination of an Aramex package **(SUBJECT PACKAGE)** at the John F. Kennedy Airport in Jamaica, Queens, New York. The **SUBJECT PACKAGE** was shipped from Bangladesh, to Travis Allen of 3809 Glengyle Avenue, Baltimore, Maryland 21215.

6.      CBP Officers examination of the **SUBJECT PACKAGE** yielded a positive alert for the presence of narcotics from a CBP canine. Further examination

revealed the **SUBJECT PACKAGE** contained approximately 608.4 grams of a light brown powdery substance. CBP Officers field tested the substance and the results indicated positive for heroin. This heroin has a wholesale value of approximately $60,000. The **SUBJECT PACKAGE** was turned over to Immigration and Custom Enforcement Agents (ICE) in Baltimore, Maryland, for further investigation and a controlled delivery.

7. On June 8, 2009, members of the Drug Enforcement Administration (DEA) and ICE removed all but approximately five grams of heroin from the **SUBJECT PACKAGE** and initiated a controlled delivery operation.

8. During the controlled delivery operation, an ICE agent, acting in an undercover capacity, delivered the package to 3809 Glengyle Avenue, in Baltimore, Maryland. Eric HILL answered the door, showed the undercover Agent an identification card, signed for the package and took it inside #3809 Glengyle Avenue.

9. A short time later, HILL was observed leaving his residence, and walking on Glengyle Avenue. Surveillance was conducted on HILL as HILL walked to a location near the intersection of Glengyle Avenue and Reisterstown Road. HILL was observed meeting with Darryl ALLEN and another unidentified

male. They engaged in conversation.  09-2158 BPG

10. A short time later, HILL, ALLEN, and the unidentified male separated. HILL was observed walking back towards the residence located at 3809 Glengyle Avenue, and ALLEN and the unidentified male were observed getting into a black Chevroet Tahoe, bearing Maryland license plate 41883M1. ALLEN and the unidentified male drove off, with ALLEN operating the vehicle. Surveillance was continued on HILL as HILL re-entered the residence located at 3809 Glengyle Avenue.

11. A short time later, HILL was observed leaving the residence located at 3809 Glengyle Avenue, carrying the **SUBJECT PACKAGE** out the rear door of the residence. Agents apprehended HILL with the **SUBJECT PACKAGE** in HILL's hand. Agents conducted an examination of the **SUBJECT PACKAGE** and noted that there were two holes punched into the side of the **SUBJECT PACKAGE**.

12. Before asking any questions to HILL, HILL stated, "I saw the police sitting out there in the blue Buick. I knew they were looking at my house."

13. After receiving and waiving his <u>Miranda</u> rights, HILL stated he knew the police were looking at his house and was worried that the police were going to

**09-2158 BPG**

kick in his door. HILL stated his mother was in the house, so he left in order to avoid the police kicking in the front door.

14. Next, SA Edwards asked HILL where he was going. HILL stated he was going to work at the Burger King on Reisterstown Road when he was arrested. SA Edwards asked HILL what was in the **SUBJECT PACKAGE**. HILL stated he didn't know. SA Edwards asked HILL why he was carrying the **SUBJECT PACKAGE** to work. HILL stated again he thought the police were going to go into his house and decided to leave.

15. HILL stated he figured the Fed-Ex driver probably called the police because there were two holes punched in the side of the **SUBJECT PACKAGE** that were present when he signed for the **SUBJECT PACKAGE**. When the package was delivered to HILL by the law enforcement undercover, it had no holes in it.

16. HILL also stated he had signed for the **SUBJECT PACKAGE** and when he signed for the **SUBJECT PACKAGE**, he saw the last name "Allen" on the label, and figured it was probably for someone in his family, since he had a lot of relatives with the name "Allen".

17. SA Edwards asked HILL who the men were that he had talked to near

09-2158 BPG

the intersection of Glengyle Ave and Reisterstown Road. HILL stated they were friends of his and that he knew them by the names "D" (later identified as Darryl ALLEN) and "Money". SA Edwards asked HILL if he was going to meet "D" at the Burger King to give "D" the **SUBJECT PACKAGE**. HILL he was going to meet "D" at the Burger King, but to buy "Weed" (marijuana) from "D" and was not intending on giving him the **SUBJECT PACKAGE**.

18. SA Edwards again asked HILL why he was carrying the **SUBJECT PACKAGE** when he was arrested. HILL again stated he wanted to leave his house so that police would not go into it because his mother was in there. As an experienced narcotics investigator, it is my opinion that HILL attempted to flee with the package because he knew the contents thereof contained a controlled substance.

19. SA Edwards asked HILL if "D's" name was ALLEN or if HILL was related to "D" and HILL stated "No."

20. During the post arrest interview of HILL, members of DEA and ICE located the black Chevrolet Tahoe that was previously observed as being operated by ALLEN in the vicinity of 3900 Garrison Boulevard, in Baltimore, Maryland.

21. 3900 Garrison Boulevard was previously identified by DEA as a premises of interest when, on or about May 18, 2009, a DHL package containing

**09-2158 BPG**

approximately 500 grams of heroin was intercepted by authorities in the United Arab Emirates. The package was destined for Travis Allen at 3900 Garrison Boulevard, Baltimore, Maryland. Travis Allen is a known alias of Darryl Allen. Emirati authorities would not turn over the package to DEA to conduct a controlled delivery operation.

22. Darryl Allen is currently on supervised release for a federal felon in possession offense committed in this district.

23. Surveillance was conducted in the vicinity of 3900 Garrison Boulevard by members of DEA and ICE, until ALLEN was observed leaving the residence and was taken into custody. In the months leading up to the controlled delivery of heroin herein, a confidential informant regularly spoke with ALLEN about the acquisition of heroin from sources of supply outside the United States.

24. After receiving and waiving his <u>Miranda</u> rights ALLEN stated that a "Charles" in federal jail and "Charles" brother in Nigeria sent ALLEN the **SUBJECT PACKAGE** to help ALLEN out financially. ALLEN stated he was expecting the **SUBJECT PACKAGE** to contain money or something to help him out financially, and was surprised when informed by law enforcement officers that



the **SUBJECT PACKAGE** contained heroin. ALLEN also advised the telephone number of 410-300-4580 listed on the **SUBJECT PACKAGE** belonged to his wife Brittany.

## CONCLUSION

25.    Based on the information contained in this Affidavit, there is probable cause to believe that Eric HILL and Darryl ALLEN did knowingly combine, conspire, confederate, agree, with each other and with other persons known and unknown to knowingly and intentionally import one hundred (100) grams or more of a quantity or mixture containing a detectable amount heroin, a Schedule I controlled substance, into the United States from a place outside the United States, to wit, Bangladesh and elsewhere, in violation of Title 21, United States Code, Section 952 and 963.

26.    Sworn this 9th day of June, 2009 at Baltimore, Maryland.

_____
Mark A. Lester, Special Agent DEA

_____
Beth P. Gesner, U.S. Magistrate Judge